# Filed

JAN 2 7 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY EUGENE SMITH,<br><br>          Plaintiff,<br><br>  v.<br><br>L. FRAIRE, et. al.,<br><br>          Defendants. | No. C 14-04297 EJD (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal
P:\PRO-SE\EJD\CR.14\04297Smith_dism(friv).wpd                     1

1   immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

2   liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

3   1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5   elements: (1) that a right secured by the Constitution or laws of the United States was

6   violated, and (2) that the alleged violation was committed by a person acting under the

7   color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

8       In its review, the court must identify any cognizable claims and dismiss any claims

9   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

10  seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §

11  1915A(b). A claim is frivolous if it is premised on an indisputably meritless legal theory

12  or is clearly lacking any factual basis. See Neitzke v. Williams, 490 U.S. 319, 327

13  (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A

14  and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure

15  12(b)(6) ("Rule 12(b)(6)"), see id. at 331, failure to state a claim is a separate basis for

16  dismissal under sections 1915A and 1915(e)(2). A dismissal as legally frivolous is proper

17  only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may

18  dismiss a claim on a dispositive issue of law without regard to whether it is based on an

19  outlandish theory or on a close but ultimately unavailing one. See id. at 324-28.

20      Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil

21  of the complaint's factual allegations and dismiss as frivolous those claims whose factual

22  contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

23  Examples are claims describing fantastic or delusional scenarios with which federal

24  district judges are all too familiar. See Neitzke, 490 U.S. at 328. To pierce the veil of the

25  complaint's factual allegations means that a court is not bound, as it usually is when

26  making a determination based solely on the pleadings, to accept without question the truth

27  of the plaintiff's allegations. See Denton, 504 U.S. at 32. But, this initial assessment of

28  the plaintiff's factual allegations must be weighted in favor of the plaintiff. See id. A

1    frivolousness determination cannot serve as a factfinding process for the resolution of

2    disputed facts. <u>See</u> <u>id.</u> A finding of factual frivolousness is appropriate when the facts

3    alleged rise to the level of the irrational or the wholly incredible, whether or not there are

4    judicially noticeable facts available to contradict them. <u>See</u> <u>id.</u> at 32-33. But the

5    complaint may not be dismissed simply because the court finds the plaintiff's allegations

6    unlikely or improbable. <u>See</u> <u>id.</u> at 33.

7    **B.**    <u>**Plaintiff's Claims**</u>

8        Plaintiff claims that on May 16, 2013, Defendant Correctional Officer L. Fraire

9    pushed him and grabbed his chest, causing injury to his back. (Compl. at 3.) Plaintiff

10    claims that Defendant Fraire and Defendant K. Ancheta then filed false reports which had

11    him sent to segregation. (<u>Id.</u>)

12        The treatment a prisoner receives in prison and the conditions under which he is

13    confined are subject to scrutiny under the Eighth Amendment. <u>Helling v. McKinney</u>, 509

14    U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of

15    pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

16    <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and

17    citation omitted). Whenever prison officials stand accused of using excessive force in

18    violation of the Eighth Amendment, the core judicial inquiry is whether force was applied

19    in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

20    cause harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992); <u>Whitley</u>, 475 U.S. at 320-21.

21        According to the attached documents relating to the incident, which includes

22    Plaintiff's staff complaint and the allegedly false rules violations report, Plaintiff

23    approached Defendant Fraire in an irate manner and with a raised voice. Defendant

24    Fraire gave Plaintiff several orders to stay away, which Plaintiff ignored. Instead,

25    Plaintiff took a step towards Defendant Fraire, which made it necessary for him to push

26    Plaintiff in the chest with both hands in order to control him. Defendant Fraire then

27    sounded the alarm, to which responding staff arrived. (Docket No. 1-2 at 5, 11.)

28    According to the medical report of injury immediately following the incident, the only

1  injury indicated was a reddened area on Plaintiff's chest. (Id. at 25.)

2       The extent of injury suffered by an inmate is one factor that may suggest whether

3  the use of force could possibly have been thought necessary in a particular situation.

4  Hudson, 503 U.S. at 7. The extent of injury may also provide some indication of the

5  amount of force applied. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). But not every

6  malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503

7  U.S. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment

8  necessarily excludes from constitutional recognition de minimis uses of physical force,

9  provided that the use of force is not of a sort repugnant to the conscience of mankind. Id.

10  An inmate who complains of a push or shove that causes no discernable injury almost

11  certainly fails to state a valid excessive force claim. Id.

12       Based on the complaint and the attached papers, the extent of force used by

13  Defendant Fraire was a "grab" and "push" which is not of a sort "repugnant to the

14  conscience." Id. Furthermore, the facts indicate that the force was applied not to

15  "maliciously and sadistically" for the purpose of causing harm, but rather in a good-faith

16  effort to maintain or restore discipline. See Hudson, 503 U.S. at 6-7. Accordingly,

17  Plaintiff's excessive force claim must be dismissed as frivolous because his factual

18  contentions are clearly baseless. See Denton, 504 U.S. at 32.

19       The attached documents also dispute Plaintiff's claim that he was confined in

20  segregation based on a false report. Plaintiff admits that he pursued Defendant Fraire

21  when he gave him an unsatisfactory answer in response to Plaintiff's question. (Compl.

22  at 3.) Furthermore, when Plaintiff's inmate appeal lead to an inquiry into possible staff

23  misconduct, the result revealed no evidence of any violation of departmental policy.

24  (Docket No. 1-2 at 4-5.) Accordingly this claims is DISMISSED as frivolous because it

25  clearly lacks any factual basis. See Neitzke, 490 U.S. at 327.

26       Based on the foregoing discussion, the claims of excessive force and false report

27  filing are DISMISSED as frivolous. See 28 U.S.C. § 1915A(b).

28  ///

Order of Dismissal
P:\PRO-SE\EJD\CR.14\04297Smith_dism(friv).wpd      4

1

**CONCLUSION**

2          For the reasons stated above, this action is DISMISSED as the claims alleged are

3   frivolous.  <u>See</u> 28 U.S.C. § 1915A(b).

4          The Clerk shall terminate any pending motions and close the file.

5

6   DATED: _____1/26/15_____

7                                        EDWARD J. DÁVILA
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\EJD\CR.14\04297Smith_dism(friv).wpd                    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY EUGENE SMITH,

             Plaintiff,

   v.

L. FRAIRE, et al.,

             Defendants.

Case Number: CV14-04297 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____1/27/15_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: _____1/27/15_____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk